UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| JOSEPH GRASSO, ) | |
| ) | Case No. 12-11063 (MDC) |
| Debtor. ) | |
| ) | |

**MOTION OF CHRISTINE SHUBERT, CHAPTER 7 TRUSTEE,
FOR APPROVAL OF COMPROMISE PURSUANT TO F.R.B.P. 9019**

Christine Shubert, Chapter 7 Trustee (the "Trustee") in the case of Joseph Grasso (the "Debtor"), by and through her counsel, Flaster/Greenberg, P.C., hereby files this Motion for Approval of Compromise Pursuant to F.R.B.P. 9019 (the "Motion") to approve the terms of a compromise with Marshall Katz relative to his claim filed in the above-captioned case. In support of the Motion, the Trustee hereby represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

3. The statutory predicates for relief sought herein are Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, as well as Local Bankruptcy Rule 5070-1(f).

**BACKGROUND**

4. On February 2, 2012 (the "Petition Date"), the Debtor commenced his chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

3442667 v1

5. On November 2, 2012, Christine Schubert was appointed the Chapter 11 Trustee.

6. On June 12, 2013, the Chapter 11 Case was converted to a Chapter 7 Case.

7. On June 14, 2013, Christine Schubert was appointed the Chapter 7 Trustee.

8. Since her appointment, with the assistance of counsel and advisors, the Trustee has diligently sought to maximize the value of the Debtor's bankruptcy estate for the benefit of his creditors.

## RELIEF REQUESTED

9. Marshall J. Katz ("Katz") filed a claim in this case in an amount in excess of $23 million (the "Katz Claim") to which several parties have objected. Katz also filed an adversary proceeding objecting to the discharge of Katz's claim (the "523 Action"). Trial of the Katz Claim and the 523 Action has been continued pending further order of the Court. In addition, Katz obtained a judgment in the amount of $23.7 million against Coffee Shops International, LLC (the "CSI Judgment"), which the Debtor maintains is a non-debtor entity held by the Debtor and his wife as tenants by the entireties.

10. Katz proposes to resolve the Katz Claim and the 523 Action on the following terms:

    (a) The Katz Claim shall be an allowed claim in the amount of $5.75 million;

    (b) Katz shall dismiss the 523 Action; and

    (c) Katz shall assign the CSI Judgment for the benefit of the Debtor's estate.

11. The terms of the aforementioned compromise (the "Compromise") are more specifically set forth in the attached correspondence from counsel for Katz. *See* Exhibit "A" attached hereto and incorporated herein.

3442667 v1

12. In order to minimize the costs, delays and risks involved in litigation, the Trustee and Katz have entered into the Compromise. By this Motion, the Trustee seeks entry of an Order approving the Compromise.

13. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

14. "[C]ompromises are favored in bankruptcy" in order to minimize litigation and expedite the administration of a bankruptcy estate. In re Martin, 91 F.3d 389, 393 (3d Cir. 1996); see also In re Coram Healthcare, Inc., 315 B.R. 321, 329 (Bankr. D. Del. 2004). Pursuant to Bankruptcy Rule 9019, "the authority to approve a compromise settlement is within the sound discretion of the bankruptcy court." In re Key3Media Group, Inc., 336 B.R. 87, 92 (Bankr. D. Del. 2005); see also In re Louise's, Inc., 211 B.R. 798, 801 (D. Del. 1997). When exercising such discretion, the Bankruptcy Court must determine whether the compromise is "fair, reasonable, and in the best interests of the estate." In re Key3Media Group, 336 B.R. at 92; see also In re RFE Industries, Inc., 283 F.3d 159, 165 (3d Cir. 2002); In re Louise's, Inc., 211 B.R. at 801. In making that determination, the Bankruptcy Court need not find that the proposed resolution is the best possible compromise. In re Key3Media Group, 336 B.R. at 93-94. Rather, the resolution should be approved as long as it "falls within the reasonable range of litigation possibilities." Coram, 315 B.R. at 330; see also Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983) (same). The Bankruptcy Court is also not required to consider the information necessary to resolve the factual dispute, nor is it

3442667 v1

necessary for the bankruptcy court to "conclusively determine claims subject to a compromise." In re Key3Media Group, 336 B.R. at 92.

15. In making a determination to approve a compromise, a Court should consider: (1) the probability of success in litigation; (2) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attendant thereto; (3) the difficulties, if any, to be encountered in the matter of collection; and (4) paramount interest of the creditors. See, e.g., Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

16. Applying the foregoing applicable standards, this Court should approve the Compromise as it is fair and reasonable and in the best interests of the Debtor's estate and creditors.

17. In arriving at the Compromise, the Trustee has considered the relative positions of the parties, as well as the costs of continuing to litigate the Katz Claim and 523 Action, including the cost of expert witness preparation, which would substantially reduce the amount recoverable by the Trustee for the benefit of the Debtor's creditors. Due to the parties' relative positions, and the consideration provided to the Trustee, the Trustee believes that litigating the Katz claim would be a time-consuming, disadvantageous, and expensive process, and that resolving this matter on the basis presented is the best and most efficient way to obtain a recovery for the creditors of the Debtor's estate.

18. The Trustee anticipates that the Compromise, if approved, will preserve estate funds, reduce claims in the Debtor's bankruptcy case by approximately $18 million, and provide an avenue for collection of a claim against a non-debtor entity. The Compromise therefore

provides a significant economic benefit on the Debtor's estate, as well as avoiding the expense, delay, and uncertainty of litigation.

19. In the business judgment of the Trustee, the Compromise is in the best interests of the estate and its creditors.

20. For the foregoing reasons, the Trustee respectfully submits that approval of the Compromise is justified and appropriate.

**WHEREFORE**, Christine C. Shubert, Chapter 7 Trustee, respectfully requests that this Court enter the Order granting the relief requested, and granting such other relief as may be just and appropriate.

Date: September 4, 2013     **FLASTER/GREENBERG, P.C.**

By:   /s/ *Harry J. Giacometti*
Harry J. Giacometti, Esquire
Steven D. Usdin, Esquire
4 Penn Center, 2nd Floor
1600 JFK Boulevard
Philadelphia, PA 19103
*Proposed Counsel for the Chapter 7 Trustee*

3442667 v1

**Exhibit A**

3442667 v1

# SPERLING & SLATER
PROFESSIONAL CORPORATION

TELEPHONE
(312) 641-3200
FACSIMILE
(312) 641-6492

55 WEST MONROE STREET
SUITE 3200
CHICAGO, IL 60603

August 22, 2013

Christine C. Shubert, Esq.
Trustee
c/o Flaster/ Greenberg PC
4 Penn Center, 2d Floor
1600 JFK Blvd.
Philadelphia, PA  19103

RE:   In re Joseph Grasso, Ch 11 No. 12-11063-MDC
      Katz v. Grasso, Adv. No. 12-0392 ELF
      **For Settlement Purposes Only; Subject to  Fed. R. Evid. 408**

Dear Ms. Shubert:

As promised to Harry Giacometti, Mr. Katz submits his proposal for a settlement of his $23.7 million claim and attendant adversary proceedings.  If accepted, the nondischarge and claim-allowance hearing before Judge Frank would be dismissed/withdrawn, and neither party would be forced to spend time, expert witness fees, attorneys' fees, etc. on further litigation.

In exchange for an **allowed claim of $5.75 million**, Mr. Katz offers to:

1. **Assign for the benefit of the Estate his $23.7 million judgment against Coffee Shops International, LLC ("CSI")**. Both of Mr. Grasso's sons work for this business and, as the Trustee has uncovered, Mr. Grasso has transferred assets to this entity (or related entities). Now that CSI's appeal has been dismissed, this $23.7 million judgment is final.

2. **Dismiss/withdraw his nondischarge adversary (523 action) against Grasso.** This dismissal shall not prevent Mr. Katz from benefiting from any Grasso waiver of discharge or any ruling on other parties' 727 Complaints, nor shall it prevent Mr. Katz from filing a 727 Complaint of his own.  Likewise, Mr. Katz is not releasing his Illinois state court claims against Mr. Grasso or dismissing the Illinois state court case (07 CH 24116) so that in the event Mr. Grasso does not get a discharge, Mr. Katz can pursue a recovery outside of the bankruptcy (net of any recovery received within the bankruptcy based on the agreed allowed claim).

SPERLING & SLATER

Christine C. Shubert
August 22, 2013
**For Settlement Purposes Only; Subject to Fed. R. Evid. 408**

The proposed settlement is contingent on the following: Mr. Katz's allowed unsecured non-priority claim is to be treated similar to other unsecured non-priority claims. This agreement shall be considered null and void should the Trustee compromise any other claim that elevates such claim from its existing class.

The proposed settlement is in lieu of the Settlement Agreement reached through the good offices of Judge Raslavich, which the Grasso family apparently is not prepared to honor. Should Michael Grasso fund that Settlement (and should Judge Coleman approve it) before the Trustee accepts this offer and the Court approves it, the settlement offer herein will be withdrawn.

Very truly yours,

Robert D. Cheifetz