# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: JOSEPH GRASSO | : Chapter 7 <br> : <br> : Case No. 12-11063 (mdc) |

## ORDER

AND NOW, this 22nd day of August, 2017, upon consideration of the Motion of Christine C. Shubert as Chapter 7 Trustee for authority to approve the Settlement Agreement and Release between the Trustee and Joseph and Donna Grasso (the "Motion"), and considering Marshall J. Katz's Limited Objection thereto, after notice and opportunity for hearing, and for good cause shown, it is hereby

ORDERED that the motion is GRANTED; and it is further

ORDERED that the Settlement Agreement and Release attached to the Motion is Approved with the following modifications, to which the parties thereto have agreed:

The Settlement Agreement and Release does not release any claim of any of the Debtor's creditors, and it does not prevent any of the Debtor's creditors (other than Christine C. Shubert as Chapter 7 Trustee) from exercising their legal remedies (including, for those creditors with judgments, collecting upon or attaching assets) as they apply to assets of the Debtor from (or in the control of) any of the following individuals or entities listed in paragraph 4 of the Settlement Agreement and Release: the Defendants (Joseph and Donna Grasso), and each of their respective parents, subsidiaries, affiliates, officers, directors, agents, sureties, insurers, directors, successors, assigns (and their affiliates, officers, directors, agents, employees, sureties, insurers, successors and assigns); and it is further

ORDERED that the Parties are authorized to perform the terms and conditions of the

6371709 v1

Settlement Agreement and Release <u>as modified above</u>; and it is further

ORDERED that the Trustee shall be authorized to make payment to United Bankruptcy Service of its fees in connection therewith in the amount of Thirty-Five Thousand Dollars ($35,000.00).

BY THE COURT:

*Magdeline D. C*

Magdeline D. Coleman
United States Bankruptcy Court

6371709 v1

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| In Re: | Chapter 7 |
|---|---|
| JOSEPH GRASSO | Case No.: 12-11063 (MDC) |
| Debtor. | |

## SETTLEMENT AGREEMENT AND RELEASE

As of this 12th day of July, 2017, Christine C. Shubert, Chapter 7 Trustee for the Bankruptcy Estate of Joseph Grasso (the "Trustee") and Joseph Grasso and Donna Grasso (the "Defendants") hereby stipulate and agree, subject to the Court's approval, as follows:

1. On February 6, 2012 (the "Petition Date"), the debtor Joseph Grasso (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On October 16, 2012, this Court entered an order requiring the Office of the United States Trustee to appoint a Chapter 11 trustee to investigate and administer the Debtor's Chapter 11 estate.

3. On October 31, 2012, this Court entered an order approving the Trustee's appointment as Chapter 11 Trustee.

4. By Order dated June 12, 2013, this Court converted the case to a proceeding under Chapter 7 of the Bankruptcy Code.

5. On June 14, 2013, the Trustee was appointed as Chapter 7 Trustee.

6. On October 25, 2013, the Trustee commenced the following adversary proceedings against the Defendants in the present bankruptcy case: (a) Adversary Proceeding No. 13-00635; (b) Adversary Proceeding No. 14-00057; and (c) Adversary Proceeding No. 14-00064 (the "Adversary Actions").

6311538 v1

7. Judgments in favor of the Trustee and against the Defendants in the aggregate amount of $780,494.09 were entered in the Adversary Actions.

8. The Trustee and Defendants (collectively, the "Parties") recognize that there are risks, costs and expenses associated with any litigation, and the ability to settle disputes by agreement is often better and more efficient for everyone concerned and is in the best interests of the entire bankruptcy process and this Debtor's estate.

**NOW THEREFORE**, incorporating the forgoing, and for due consideration, including to avoid costly litigation, to assist in expediting the conclusion of this entire bankruptcy case, and in recognition of the claims made and defenses raised by each respective party, the Trustee and Defendant, intending to be legally bound hereby, agree as follows:

1. The Defendants shall tender payment of $107,500.00 (the "Settlement Amount") to the Trustee in full and final settlement and satisfaction of all claims asserted against the Defendants in the Adversary Actions. The Settlement Amount includes the sum of $7,500.00 paid by the Defendants as compensation to the Trustee for the fees and costs of seeking approval hereof.

2. The Defendants shall make payment of the aforementioned Settlement Amount upon receipt hereof by wire transfer to the Trustee's account at Rabobank, N.A., per the wire instructions provided by the Trustee to the Defendants.

3. The Parties agree that upon receipt by the Trustee, via her counsel, Flaster/Greenberg P.C., of the Settlement Amount and a fully executed copy of the Agreement, the Trustee shall, by counsel, seek approval of the Agreement in accordance with Federal Rule of Bankruptcy Procedure 9019. The Parties understand and acknowledge that the Agreement becomes final and binding upon the Parties upon execution by all Parties and approval by the

6311538 v1

Bankruptcy Court (the "Effective Date"). If the Bankruptcy Court does not approve the Agreement, then: (i) the parties will revert to the status quo ante; (ii) the Agreement will be null and void; and (iii) the Settlement Amount shall be returned to the Defendants by the same method, and to the same account from which the funds originated.

4. Upon the Effective Date, each of: (i) the Trustee, for herself and for the Debtor, and (ii) the Defendants, and each of their respective parents, subsidiaries, affiliates, officers, directors, agents, sureties, insurers, directors, successors, assigns and all of them, mutually remise, release and forever discharge each other and their affiliates, officers, directors, agents, employees, sureties, insurers, successors and assigns from and against any and all claims, demands, suits, and all other obligations arising at any time out of or related to the Adversary Actions.

5. Upon the Effective Date, the Trustee will mark as satisfied all Judgments entered against the Defendants in connection with the Adversary Actions.

6. The Parties hereby acknowledge and represent that, in entering into the Agreement, they have neither received nor relied upon any representations or promises made by the other, or such others' agents, attorneys, or representatives, other than those representations and promises that are expressly set forth in writing in the Agreement.

7. The Parties further declare that, in making the Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel and that they have had a reasonable period of time to consider the Agreement.

8. Each party has reviewed the Agreement and fully understands and voluntarily accepts all the provisions contained in the Agreement. The Parties further agree that the Agreement was the product of negotiations between the Parties and that any rule of construction

6311538 v1

that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of the Agreement.

9. The Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

10. The Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

11. The Agreement may be executed in counterparts and a facsimile, scanned or photocopy signature shall have the same force and effect as an original signature.

CHRISTINE C. SHUBERT
CHAPTER 7 TRUSTEE

_____
JOSEPH GRASSO

_____
DONNA GRASSO

6311538 v1

that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of the Agreement.

9. The Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

10. The Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

11. The Agreement may be executed in counterparts and a facsimile, scanned or photocopy signature shall have the same force and effect as an original signature.

_____
CHRISTINE C. SHUBERT
CHAPTER 7 TRUSTEE

_____
JOSEPH GRASSO

_____
DONNA GRASSO