IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| JOSEPH GRASSO, | : | Case No. 12-11063 (MDC) |
| | : | |
| Debtor | : | |

## APPELLANT'S DESIGNATION OF ITEMS
## TO BE INCLUDED IN RECORD ON APPEAL AND
## STATEMENT OF ISSUES

Paul J. Winterhalter, P.C., hereby submits the foregoing Designation of Items to be included in the Record on the Appeal of the Bankruptcy Court's Order dated June 15, 2018 along with a Statement of Issues being presented on appeal pursuant to Bankruptcy Rule 8006 as follows:

## DESIGNATION OF ITEMS

1. Bankruptcy Court Order dated January 17, 2014 [Docket No. 1007].

2. Bankruptcy Court Memorandum dated January 17, 2014 supporting January 17, 2014 Order [Docket 1008].

3. Bankruptcy Court Docket for Bankruptcy Case No. 12-11063(MDC) through June 22, 2018.

4. Application to Employ Paul J. Winterhalter as Counsel for Debtor in Possession dated February 7, 2012 [Docket 9].

5. Disclosure of Compensation by Attorney for Debtor pursuant to BR 2016(b) filed March 5, 2012 [Docket 46].

6. Order Granting Application of Debtor to Employ Paul J. Winterhalter, P.C. as Counsel for the Debtor [Docket 53].

7. Claim Transfer filed, WSFS (POC No, 4) to 15th and Sansom, L.P. filed by David Shafkowitz, Esquire [Docket No. 151 and 152].

Case 12-11063-mdc    Doc 1836    Filed 07/10/18    Entered 07/10/18 12:17:47    Desc Main
Document      Page 2 of 5

8. First Application for Compensation filed by Paul J. Winterhalter, P.C. as counsel for the Debtor [Docket No. 164].

9. Motion to Convert Case filed on July 23, 2012 by Madison Capital Company, LLC [Docket No. 181].

10. Certificate of No Response to First Interim Fee Application of Paul J. Winterhalter, P.C. filed August 8, 2012 [Docket No. 205].

11. First Supplemental Statement on the Disclosure of Compensation filed August 10, 2012 by Paul J. Winterhalter, P.C. [Docket No. 208].

12. Order dated August 17, 2012 granting Compensation and approving payment to Paul J. Winterhalter, P.C. [Docket No. 223].

13. Transcript of Hearing conducted on August 28, 2012 [Docket No. 260].

14. Transcript of Hearing conducted on September 5, 2012 [Docket No. 261].

15. Transcript of Conference Call with Bankruptcy Court on September 7, 2012 [Docket No. 267].

16. Order denying Madison Motion to Convert Case without prejudice dated September 7, 2012 [Docket No. 251].

17. Entry of Appearance filed on October 9, 2012 by Klehr Harrison, et al on behalf of Grasso Holdings [Docket No. 287].

18. Motion of Grasso Holdings dated October 9, 2012 for Protective Order [Docket No. 286].

19. Application of Hangley, Aronchick et al to be employed as successor counsel to the Debtor in Possession filed October 11, 2012 [Docket No. 293].

20. Transcript of Status Hearing before Bankruptcy Court conducted on December 11, 2012 [Docket No. 557].

21. Second and Final Application for Compensation of Paul J. Winterhalter, P.C. as Counsel for the Debtor in Possession filed December 28, 2012 [Docket No. 395].

22. Order Approving Stipulation Extending Time to Object to PJW, P.C. Legal Fees until April 19, 2013 [Docket No. 419].

23. Object to Compensation sought by PJW, P.C. filed on behalf of Madison Capital Company, LLC [Docket No. 435].

2

120255329_2

24. Status Report of Chapter 11 Trustee filed February 26, 2013 [Docket No. 454].

25. Order Approving Second Stipulation further Extending Time until May 20, 2013 to Object to PJW, P.C. Fees [Docket No. 586].

26. Objection of Chapter 11 Trustee to Second and Final Fee Application sought by PJW, P.C. filed May 24, 2013 [Docket No. 636].

27. Transcript of Hearing on Second and Final Application for Compensation of Paul J. Winterhalter conducted on September 24, 2013.

28. Notice of Appeal filed to Bankruptcy Court Order dated January 17, 2014 [Docket No. 1016].

29. Brief of the Appellant Paul J. Winterhalter, P.C. filed with the District Court on April 10, 2014 in Docket No. 14-cv-01741-CMR [Dist. Ct. Docket No. 5].

30. Order and Memorandum Opinion of District Judge Cynthia M. Rufe dated July 10, 2014 [Dist. Ct. Docket No. 18, 19].

31. Bankruptcy Court Order dated August 12, 2014 Scheduling Remand Hearing and identify 35 specific topic areas to be addressed by Counsel [Docket No. 1272].

32. Transcript of Day 1 of Remand Hearing, December 8, 2014. [Docket No. 1461].

33. Transcript of Day 2 of Remand Hearing, March 30, 2015. [Docket No. 1486, 1531].

34. Transcript of Day 3 of Remand Hearing, May 26, 2015. [Docket No. 1506, 1686].

35. Transcript of Day 4 of Remand Hearing, May 27, 2015. [Docket No. 1509, 1687].

36. Motion to Approve Compromise of 15th and Sansom, L.P. Issues filed October 30, 2015 [Docket No. 1600].

37. Motion to Approve Compromise of Adversary Proceeding against Paul J. Winterhalter, P.C. and Paul J. Winterhalter filed December 16, 2015 [Docket No. 1627].

38. Bankruptcy Court Order dated December 22, 2015 denying 15th and Sansom, L.P. Settlement for Notice deficiency [Docket No. 1637].

39. Second Amended Notice of Motion to approve Settlement with 15th and Sansom, L.P. and David Grasso filed December 23, 2015 [Docket 1639].

40. Trustee's Certification of No Objection to proposed Settlement with 15th and Sansom, L.P. filed January 14, 2016 [Docket No. 1652].

120255329_2

41. Order approving Settlement with 15th and Sansom, L.P. dated January 19, 2016 [Docket No. 1654].

42. Chapter 7 Trustee's Proposed Findings of Fact and Conclusions of Law regarding Remand Hearing filed February 5, 2016 [Docket No. 1660].

43. Proposed Findings of Fact and Proposed Conclusions of Law submitted on behalf of Paul J. Winterhalter, P.C filed February 5, 2016 [Docket No. 1661].

44. Order dated May 22, 2018 scheduling Status Hearing of Motion to Approve compromise [Docket No. 1817].

45. Order dated June 13, 2018 approving Trustee's Settlement on Adversary 14-0065 with Paul J. Winterhalter, P. C.

46. Opinion and Order of Bankruptcy Court Denying Second Interim and Final Fee Application of Paul J. Winterhalter, P.C. and making further extraordinary relief dated June 15, 2018 [Docket No. 1820, 1821].

## STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

1. Whether the Bankruptcy Court, relying on its own opinion and conjecture rather than the unrefuted and corroborated evidence presented during the four days of remand hearings, committed clear error and abused its discretion by disallowing in its entirety compensation for professional legal services rendered by counsel for the debtor-in-possession?

2. Whether the Bankruptcy Court's factual findings that counsel for the debtor-in-possession was involved in the WSFS Claim Purchase by Sansom Street Partnership and represented an interest adverse to the bankruptcy estate in that purchase are clearly erroneous or an abuse of discretion because the findings are contrary to the unrefuted evidence and corroborated testimony presented during the four days of remand hearings?

3. Whether the Bankruptcy Court's factual findings that counsel for the debtor-in-possession did not properly advise the debtor-in-possession regarding the proper preparation of bankruptcy schedules and statements and monthly operating reports are clearly erroneous or an abuse of discretion because the findings are contrary to the unrefuted evidence and corroborated testimony presented during the four days of remand hearings?

4. Whether the Bankruptcy Court abused its discretion or committed clear error in its legal conclusions that the services provided by counsel for the debtor-in-possession were not reasonably necessary and provided no benefit to the bankruptcy estate, which conclusions are based on testimonial evidence taken out of context and the Court's opinion rather than an application of the law to the evidence submitted in the record during the remand hearings?

120255329_2

5.      Whether the Bankruptcy Court abused its discretion or committed clear error in its legal conclusions that the services provided by counsel for the debtor-in-possession resulted in harm to the bankruptcy estate and that any harm to the estate was not outweighed by a benefit to the estate, which conclusions are based on testimonial evidence taken out of context and the Court's opinion rather than an application of the law to the evidence submitted in the record during the remand hearings

6.      Whether the Bankruptcy Court abused its discretion and committed clear error in making factual determinations that are contrary to the unrefuted and corroborated evidence presented during the remand hearings in order to reach the same result and justify the Court's prior decision of September 24, 2013 that was vacated and remanded by the District Court?

7.      Whether the Bankruptcy Court's finding that counsel breached his duty of candor in violation of the Pennsylvania Rules of Professional Conduct was a clear error of law and abuse of discretion when, at his first opportunity to do so, counsel elicited testimony of the Debtor's representative to correct his prior inaccurate testimony?

8.      Whether the Bankruptcy Court's findings and legal conclusion that counsel for the debtor-in-possession did not comply with the supplemental fee disclosure requirements of Bankruptcy Rule 2016(b) were clearly erroneous and an abuse of discretion?

Respectfully submitted,

OFFIT KURMAN, P.A.

By: ***/s/ P.J. Winterhalter***
     PAUL J. WINTERHALTER
1801 Market Street, Suite 2300
Philadelphia, PA 19103
Tel: 267.338.1370
Fax: 267.338.1335
Email: pwinterhalter@offitkurman.com


DILWORTH PAXSON, LLP

By:***/S/ Lawrence G. McMichael***
     LAWRENCE G. McMICHAEL
     ANNE M. ARRONSON
1500 Market Street, Suite 3500E
Philadelphia, PA 19103
Email: lmcmichael@dilworthlaw.com
          aaaronson@dilworthlaw.com

Dated: July 10, 2018

120255329_2