## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>JOSEPH GRASSO,<br>                     Debtor. | Case No. 12-11063-MDC<br><br>Chapter 7 |
| CHRISTINE C. SHUBERT, Chapter 7 Trustee<br>For the Estate of Joseph Grasso,<br><br>                     Plaintiff,<br><br>v.<br><br>LAW OFFICES OF PAUL J.<br>WINTERHALTER, P.C. and PAUL J.<br>WINTERHALTER, ESQUIRE<br><br>                     Defendants. | Adversary No. 14-00065-MDC ✓✓ |

### ORDER

AND NOW, this 13th day of June, 2016, upon consideration of the Motion of Christine C. Shubert, Chapter 7 Trustee, pursuant to Rule 9019 for Approval of a Settlement Agreement and Release of Claims and any response thereto, after proper notice and an opportunity to be heard, and for good cause shown, it is hereby

ORDERED that the Motion is hereby GRANTED and it is further

ORDERED that Settlement Agreement and Release of Claims, attached hereto, is APPROVED.

BY THE COURT:

_____
The Honorable Magdeline D. Coleman
United States Bankruptcy Judge

5404239 v1



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 12-11063-MDC |
| JOSEPH GRASSO, | Chapter 7 |
| Debtor. | |
| CHRISTINE C. SHUBERT, Chapter 7 Trustee For the Estate of Joseph Grasso, | |
| Plaintiff, | |
| v. | Adversary No. 14-00065-MDC |
| LAW OFFICES OF PAUL J. WINTERHALTER, P.C. and PAUL J. WINTERHALTER, ESQUIRE | |
| Defendants. | |

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release ("Agreement") is made this ___ day of December, 2015, by and between the Law Offices of Paul J. Winterhalter, P.C. ("PJW") and Paul J. Winterhalter, Esquire ("Winterhalter" and together with PJW, the "Defendants") and Christine C. Shubert, as Chapter 7 Trustee (the "Trustee" and together with the Defendant, the "Parties") for the above-captioned bankruptcy case pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

### RECITALS

WHEREAS, on February 6, 2012 (the "Petition Date"), Joseph Grasso (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court;

5399861 v1


EXHIBIT A

WHEREAS, on October 16, 2012, the Bankruptcy Court entered an order requiring the appointment of a Chapter 11 trustee;

WHEREAS, on October 31, 2012, the Bankruptcy Court entered an order approving the Trustee's appointment as Chapter 11 Trustee;

WHEREAS, on December 28, 2012, PJW filed its Second Interim and Final Application for Compensation and Reimbursement of Expenses related to its representation of the Debtor (the "Final Fee Application");

WHEREAS, by Order dated June 12, 2013, the Bankruptcy Court converted the Debtor's Chapter 11 Case to a proceeding under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Case");

WHEREAS, on June 14, 2013, the Trustee was appointed as Chapter 7 Trustee;

WHEREAS, on February 5, 2014, the Trustee commenced the above captioned adversary proceeding (the "Adversary Proceeding") asserting various claims and causes of action against the Defendants;

WHEREAS, the Defendants have asserted various defenses to the allegations and claims set forth in the Adversary Proceeding;

WHEREAS, in order to avoid (a) the costs and uncertainties of litigation and (b) recovery of the claims asserted by the Trustee, the Parties have agreed to resolve the Adversary Proceeding on the terms and subject to the conditions set forth in this Agreement;

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt of which is hereby acknowledged, intending to be legally bound, it is stipulated and agreed by and between the Parties, as follows:

1. The recitals set forth above are incorporated herein by reference.

5399861 v1

2. The Defendants shall pay to the Trustee the sum of $100,000.00 (the "Settlement Amount") in full and final settlement and satisfaction of all claims asserted against the Defendants in this Adversary Proceeding.

3. Upon execution of the Agreement by Defendants, the Defendant shall deliver the executed Agreement to the Trustee, care of her counsel, Flaster/Greenberg P.C., 1600 John F. Kennedy Boulevard, Suite 200, Philadelphia, PA 19103, Attention: Harry J. Giacometti, Esq. Upon receipt of the Agreement executed by Defendant, the Trustee shall execute the Agreement and return a fully-executed copy of the Agreement to the Defendants.

4. The Parties agree and stipulate that upon receipt by the Trustee, via her counsel, Flaster/Greenberg P.C., of a fully executed copy of the Agreement, the Trustee shall, by counsel, seek approval of the Agreement in accordance with Federal Rule of Bankruptcy Procedure 9019 (the "9019 Motion"). The effective date of this Agreement will be the date that this Agreement is approved by the Bankruptcy Court (the "Effective Date"). The Parties understand and acknowledge that the Agreement becomes final and binding upon the Parties upon execution by all Parties and approval by the Bankruptcy Court. If the Bankruptcy Court does not approve the Agreement, then (i) the parties will revert to the status quo ante; and (ii) the Agreement will be null and void.

5. Within ten (10) business days of the Effective Date (the "Payment Deadline"), the Defendants shall cause the Settlement Amount to be paid by the delivery of a check made payable to the order of "Christine C. Shubert, Chapter 7 Trustee" which check shall be delivered to the Trustee at 821 Wesley Avenue, Ocean City, New Jersey, 08226.

6. In the event that the Defendants do not remit the Settlement Amount on or before the Payment Deadline as provided in paragraph 5 herein, the Trustee shall have the right, in her

sole and absolute discretion, to declare this Agreement null and void or to file a motion to compel payment with the Bankruptcy Court seeking payment of the Settlement Amount, in addition to her costs and attorney's fees.

7.  Upon the Effective Date, each of: (i) the Trustee, for herself and for the Debtor, and (ii) the Defendants, and each of their respective officers, directors, agents, sureties, insurers, successors, assigns and all of them, mutually remise, release and forever discharge each other and their affiliates, officers, directors, agents, employees, sureties, insurers, successors and assigns from and against any and all claims, demands, suits, and all other obligations arising at any time out of or related to the Adversary Proceeding; *provided, however* that neither this release, nor anything contained herein, shall effect a release of: (a) the Defendants' claim for payment of fees and expenses as set forth in its Final Fee Application; or (b) the Trustee's defenses and objections to the Final Fee Application, including, but not limited to, her right to seek disgorgement of any and all fees paid to the Defendants in connection with the Bankruptcy Case. The entry of this Agreement does not preclude the approval of legal fees to PJW pursuant to its pending Final Fee Application.

8.  As a further inducement to this Agreement, the Defendants shall submit to the Trustee, within ten (10) days of the date of execution hereof, their respective tax returns for the years 2013 and 2014 and agrees to provide any further other personal financial information the Trustee may reasonably request. The Parties agree that any financial information provided by the Defendants shall be and remain, confidential between the Parties and no aspect thereof shall be discussed, disseminated or in any way made known to any other person, parties, or private or public sources whatsoever.

5399861 v1

9. Upon the Effective Date and the Trustee's receipt of the Settlement Amount, the Trustee will dismiss the Adversary Proceeding with prejudice, in accordance with Federal Rule of Bankruptcy Procedure 7041(a)(1).

10. This Agreement, and the approval hereof, shall not affect the Court's determination of the Final Fee Application, and all of the Parties' respective rights with regard to the pending Final Fee Application are expressly reserved and preserved.

11. The Parties shall each bear and be responsible for their own costs and attorneys' fees incurred in connection with this matter.

12. The Parties acknowledge that the Agreement is a compromise of a disputed claims and that neither admits, and each expressly denies, any allegations of fact or liability as alleged in the Adversary Proceeding.

13. Neither the terms nor statements contained in the Agreement, nor correspondence related to the negotiation, drafting or approval of the Agreement shall be argued nor deemed to be an admission against any Party's interest in any litigation by and between the Parties, including without limitation, this Adversary Proceeding.

14. The Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

15. The Agreement may be executed in counterparts and a facsimile, scanned or photocopy signature shall have the same force and effect as an original signature. The Parties have executed the Agreement on the latest date written below.

16. The Parties agree that each Party has reviewed the Agreement and that each fully understands and voluntarily accepts all the provisions contained in the Agreement. The Parties further agree that the Agreement was the product of negotiations between the Parties and that

-5-

5399861 v1

any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of the Agreement.

17. The Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. No modification of the Agreement shall be binding or enforceable unless in writing and signed by the Parties and approved by the Bankruptcy Court.

Dated: December ____, 2015            CHRISTINE C. SHUBERT, ESQUIRE
                                      Chapter 7 Trustee

                                      _____

Dated: December _15_, 2015            PAUL J. WINTERHALTER, ESQUIRE

                                      _/s/ Winterhalter_____

Dated: December _15_, 2015            LAW OFFICES OF PAUL J.
                                      WINTERHALTER, P.C.

                                      By: _/s/ Winterhalter_____

-6-

5399861 v1

any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of the Agreement.

17. The Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. No modification of the Agreement shall be binding or enforceable unless in writing and signed by the Parties and approved by the Bankruptcy Court.

Dated: December __, 2015        CHRISTINE C. SHUBERT, ESQUIRE
                                Chapter 7 Trustee

Dated: December __, 2015        PAUL J. WINTERHALTER, ESQUIRE

Dated: December __, 2015        LAW OFFICES OF PAUL J.
                                WINTERHALTER, P.C.

                                By: _____

-6-

5399861 v1